1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 THE BANK OF NEW YORK MELLON, AS ) Case No.: 1:15-cv-00896 - --- - JLT
   TRUSTEE FOR THE CERTIFICATE )
12 HOLDERS OF THE CWABS, INC., ASSET- ) ORDER DIRECTING THE CLERK TO ASSIGN
   BACKED CERTIFICATES, SERIES 2007-11, ) A UNITED STATES DISTRICT JUDGE TO THE
13                                        ) ACTION
              Plaintiff,                  )
14                                        )
        v.                                ) FINDINGS AND RECOMMENDATIONS
15                                        ) REMANDING THE MATTER TO KERN
   ARTURO VEGA,                           ) COUNTY SUPERIOR COURT FOR LACK OF
16                                        ) JURISDICTION, AND TERMINATING
              Defendants.                 ) DEFENDANT'S MOTION TO PROCEED IN
17                                        ) FORMA PAUPERIS AS MOOT
                                          )
18 _____)

19          Arturo Vega seeks removal of an unlawful detainer action filed in Kern County Superior Court.

20 (Doc. 1).  Because an action for unlawful detainer arises under California law, the Court lacks subject

21 matter jurisdiction over the complaint.  Therefore, the Court recommends the action be **REMANDED**

22 to Kern County Superior Court, and Defendant's motion to proceed in forma pauperis (Doc. 3) be

23 terminated as **MOOT.**

24 **I.     Factual and Procedural History**

25          On March 16, 2015, Plaintiff filed a complaint against Arturo Vega for unlawful detainer in

26 Kern County Superior Court, Case No. L-1504-CL-7494.[1]  The defendant failed to file an answer or

27

28 _____
   [1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
   accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.

1  otherwise respond to the complaint.  (*See* Doc. 1 at 2.)  Therefore, Plaintiff requested the entry of

2  default which was granted, and a writ of possession for the property was issued on April 16, 2015.

3       On April 22, 2015, Vega filed an ex parte application for an order staying execution of the writ

4  and seeking to set  aside the entry of judgment.  Vega testified at a hearing, after which the court

5  denied his application and ordered the levying officer to proceed on the execution of the writ of

6  possession.  On June 12, 2015, Vega filed a Notice of Removal and a motion to proceed in forma

7  pauperis, thereby attempting to initiate the action in this Court.  (Docs. 1-3.)

8  **II.**    **Removal Jurisdiction**

9       Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

10  where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

11  392 (1987).  Specifically,

12  > Except otherwise expressly provided by Act of Congress, any civil action brought in a
13  > State court of which the district courts of the United States have original jurisdiction,
   > may be removed by the defendant or defendants, to the district court of the United
14  > States for the district and division embracing the place where such action is pending.

15  28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

16  Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

17       A party seeking removal must file a notice of removal of a civil action within thirty days of

18  receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly construed,

19  and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles*,

20  980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving its

21  propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443

22  F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838

23  ("the burden of establishing federal jurisdiction falls to the party invoking the statute").  If there is any

24  doubt as to the right of removal, "federal jurisdiction must be rejected."  *Duncan*, 76 F.3d at 1485.

25       The district court has "a duty to establish subject matter jurisdiction over [a] removed action

26

27  ---
   1993).  The accuracy of Court records cannot reasonably be questioned, and judicial notice may be taken of court records.

28  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626,
   635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239
   (4th Cir. 1989).  Therefore, judicial notice is taken of the docket and the complaint filed in Case No. L-1504-CL-7494.

1   *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell &*

2   *Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v.*

3   *Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural

4   and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus,

5   the Sixth Circuit explained a court "can, in fact must, dismiss a case when it determines that it lacks

6   subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45

7   F.3d 128, 133 (6th Cir. 1995).

8   **III.    Discussion and Analysis**

9         **A.    The Court lacks jurisdiction over the complaint**

10        The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint

11   rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

12   face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Therefore, the

13   complaint must establish "either that [1] federal law creates the cause of action or that [2] the

14   plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

15   *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d

16   1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S.

17   1, 27-28 (1983)).

18        Significantly, unlawful detainer is the only cause of action identified by Plaintiff in the

19   complaint.  (*See* Doc. 1 at 6-10.)  An unlawful detainer action does not arise under federal law, but

20   arises instead under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D.

21   Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court");

22   *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1,

23   2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a

24   matter of state law").  Thus, the complaint does not invoke federal subject matter jurisdiction.

25        Vega seeks to invoke federal jurisdiction because he claims Plaintiff violated his due process

26   rights by not serving him with the summons and complaint.  However, federal jurisdiction cannot be

27   invoking a defense which sounds in federal law.  *See Metro Life Ins. Co. v. Taylor,* 481 U.S. 58, 63

28   (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and,

1   therefore, does not authorize removal to federal court"); *Franchise Tax Bd. v. Const. Laborers*

2   *Vacation Trust for S. Cal.,* 463 U.S. 1, 13 (1983)*; see Cal. Equity Mgmt. Grp., Inc. v. Jiminez*, 2013

3   WL 1748051, at *1 (N.D. Cal. April 23, 2013) (explaining that "a defendant cannot create federal

4   subject matter jurisdiction by adding claims or raising defenses" and remanding an unlawful detainer

5   action to the state court).  Moreover, it appears the state court rejected this defense by denying Vega's

6   application to set aside the entry of default.

7        **B.     Relief may not be granted under the *Rooker-Feldman* Doctrine**

8        Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a

9   decision or judgment made by a state court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

10  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

11       Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-
         matter jurisdiction over a proceeding in which a party losing in state court seeks what in
12       substance would be appellate review of the state judgment in a United States district
         court, based on the losing party's claim that the state judgment itself violates the losers
13       federal rights.

14  *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic*

15  *Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from

16  appellate review of "cases brought by state-court losers complaining of injuries caused by state-court

17  judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district

18  court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such

19  that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334

20  F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

21       Here, judgment was entered against Vega by the state court.  The *Rooker-Feldman* doctrine

22  "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto

23  appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir.

24  2008) (internal citations and quotation marks omitted). Consequently, the Court lacks jurisdiction over

25  this matter.

26  **IV.    Order**

27       The Court does not have subject matter jurisdiction over this action for unlawful detainer.  *See*

28  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

4

matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

**V.      Findings and Recommendations**

Because the Court does not have subject matter jurisdiction over the action for unlawful detainer, the matter must be remanded.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").  Accordingly, **IT IS HEREBY RECOMMENDED**:

1.      The matter be **REMANDED** to the Superior Court of Kern County; and

2.      Defendant's motion to proceed in forma pauperis (Doc. 3) be terminated as **MOOT**; and

3.      The Clerk of Court be **DIRECTED** to close this matter, because this Order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   **June 16, 2015**                          _____**/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

5